FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAY 21 2009 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

)
UNITED STATES OF AMERICA,  )  08-CR-801 (JBW)
)
v.  )  Statement of Reasons Pursuant to
)  18 U.S.C. § 3553(c)(2)
)
DIONY EMILIO HASSELL BELLO  )
)
Defendant.  )
)

JACK B. WEINSTEIN, Senior United States District Judge:

Under 18 U.S.C. § 3553(c), a sentencing court is required to "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If, however, the sentence is not of the kind or is outside the range of the sentencing guidelines as referred to in section 3553(a)(4), the court is required to state the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." Id. Even though the mandatory nature of the guidelines has been excised and they are now "advisory," see United States v. Booker, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements set forth in 18 U.S.C. § 3553(c)(2). United States v. Jones, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons need only be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." United States v. Rattoballi, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." United States v. Cavera, 550 F.3d 180, 193 (2d Cir. 2008) (2d Cir. 2008) (quoting Rita v. United States, 127 S.Ct. 2456, 2468 (2007)) (internal quotations and alterations omitted). Although a written statement of

1

reasons pursuant to 18 U.S.C. § 3553(c)(2) is not necessary when the court imposes a guidelines sentence, the statement may nevertheless assist the reviewing court and the United States Sentencing Commission in understanding the reasons for the court's sentence.

On January 13, 2009, Diony Emilio Hassell Bello pled guilty to count one of a two-count indictment, which charged that on October 12, 2008, the defendant imported heroin into the United States, in violation of 21 U.S.C. §§ 952(a) and 960(a)(1).

Bello was sentenced on April 30, 2009. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere during sentencing and the various in-court factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). See In re Sentencing, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility on appeal).

At sentencing, the court found the total offense level to be twenty-one and defendant's criminal history category to be one, yielding a guidelines range of imprisonment of between thirty-seven and forty-six months. The defendant qualified for a two-level reduction in the total offense level under section 2D1.1(b)(11) of the United States Sentencing Guidelines, having satisfied the elements of section 5C1.2: 1) Bello does not have more than one criminal history point; 2) he used no violence, threats, or dangerous weapons in connection with the offense; 3) there was no serious bodily harm caused to anyone; 4) he was not an organizer, leader, manager, or supervisor of the criminal enterprise; and 5) he truthfully provided to the government information regarding the offense. The government agreed that the defendant was entitled to this two-level reduction. The offense carried a maximum term of imprisonment of twenty years. See 21 U.S.C. § 960(b)(3). The guidelines range of fine was from $7,500 to $75,000. The underlying charges in the indictment were dismissed upon motion by the government.

Bello was sentenced to eighteen months imprisonment and three years supervised release. A $100 special assessment was imposed. No fines were imposed because the defendant does not, and will not in the future, have assets to pay a fine.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). The court did not depart from the guidelines and sentenced the defendant under 18 U.S.C. § 3553(a).

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." See 18 U.S.C. § 3553(a)(1). The offense is serious: the defendant ingested numerous heroin-filled pellets for importation into the United States. He is a highly intelligent and hard working young man who has accepted responsibility for his criminal actions. He has been the financial provider to his family since he was a teenager; his mother, infant son, and son's mother in the Dominican Republic have faced significant hardship in his absence. A sentence of eighteen months reflects the seriousness of the offense, will promote respect for the law and provide just punishment. See 18 U.S.C. § 3553(a)(2)(A).

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is important in this case given the widespread negative impact of transnational drug trafficking in this country and is satisfied with the sentence imposed. The sentence will send a message that any involvement in the importation of dangerous and illicit drugs will result in a substantial prison sentence. The need for specific deterrence, which is less significant here in view of the aberrant nature of the criminal act and the defendant's personal circumstances, is achieved through the period of incapacitation imposed. It is unlikely that Bello

will engage in further criminal activity in light of his remorse, his devotion to his family, and the support that his family will provide him during his imprisonment and upon release.

Jack B. Weinstein
Senior United States District Judge

Dated: May 5, 2009
Brooklyn, New York